Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF RECEIVED
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | 2007 SEP 14 P 12:09 |
|---|---|---|

| Name (under which you were convicted): Ricky Wade Murphree | Docket or Case No. DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA |
|---|---|
| Place of Confinement: | Prisoner No.: |

| Petitioner (include the name under which you were convicted) Ricky W. Murphree | v. | Respondent (authorized person having custody of petitioner) State of Alabama |
|---|---|---|
| The Attorney General of the State of Alabama | | |

PETITION

2:07CV832-MHT

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____
    Autauga County Circuit Court,
    Prattville, Alabama

    (b) Criminal docket or case number (if you know): _____

2.  (a) Date of the judgment of conviction (if you know): _____
    (b) Date of sentencing: August 25, 1998

3.  Length of sentence: 1 year and 1 day split

4.  In this case, were you convicted on more than one count or of more than one crime?    Yes ☐    No ☑

5.  Identify all crimes of which you were convicted and sentenced in this case: _____
    Criminal Mischief I

6.  (a) What was your plea? (Check one)
    (1)  Not guilty ☑ until coerced    (3)  Nolo contendere (no contest) ☐
    (2)  Guilty ☐    (4)  Insanity plea ☐

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

Plead Not Guilty to Criminal Mischief I Until Coerced to plead Guilty. (Was advised by Att. David Zimmerman to plead to a Misdemeanor).

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐   Judge only ☐   No trial

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
   Yes ☐ No ☑   Was not allowed to — ever!

8. Did you appeal from the judgment of conviction?
   Yes ☑ No ☐   (Direct Appeal)

9. If you did appeal, answer the following:
   (a) Name of court: Court of Criminal Appeals
   (b) Docket or case number (if you know): CR-97-2376 (2376)
   (c) Result: Trial Court affirmed.
   (d) Date of result (if you know): April 30, 1999
   (e) Citation to the case (if you know):
   (f) Grounds raised: Trial Court abused discretion in not allowing me a hearing on my mental Condition at time of offense charged; (was raised in timely manner B4 sentencing.; Coercion was raised; Medical records were shown to Judge Reynolds, - Due Process was denied; Evidence was raised of abuse to me by brothers (Unequal protection of law). (Raised again Feb 10, 1999 + May 14, 99). Defective Indictment

Bob Martin, Attorney on Appeal raised the ground of mental disease or defect which rendered me incapable of understanding the consequence at time of offense and at time of guilty plea

(g) Did you seek further review by a higher state court?   Yes ☑ No ☐
   If yes, answer the following:
   (1) Name of court: Alabama Supreme Court   (Writ of Certiorari)
   (2) Docket or case number (if you know): 1981619
   (3) Result: Affirmed trial Court ☒ NO OPINION !!
   (4) Date of result (if you know): 10/15/1999
   (5) Citation to the case (if you know): Bui vs State, Griffith vs .State, Ware vs. State, Dobyne v. State, Robinson v. state, Wharton v. State Code of Ala, 1975 Section 13A-3-1 (a) Code of Ala, 1975, Section 15-16-2
   (6) Grounds raised: I plead not guilty in arraignment (Feb 20, 1998) "Unequal Protection of Law" -brothers assaulted + harassed -page 4) had family members trespassed off by deputy (page 4) - (stay off property or face prosecution for trespass (page 5). (Coercion - page 7), Mental Disease or Defect plea was denied although evidence was on the record - Dr's Names were presented. "C.J.S, Criminal Law section 421 (3) (1961) (page 9 of Writ of Certiorari - COERCION) - " Where the evidence as to whether the plea was entered through FEAR, DURESS, MISUNDERSTANDING, OR IMPROPER INFLUENCE.., the better practice is to permit the plea to be withdrawn.

Also Reply Brief was filed   Feb. 10, 1999 Reply Brief   Application for Rehearing 5/14/99

Page 4

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐  No ☒

*Could not afford the 300 dollar fee.*

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions *along*

*with Direct Appeal*

concerning this judgment of conviction in any state court?

Yes ☒  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

*These 2 briefs in support of, were filed during Direct Appeal*

(a) (1) Name of court: *Alabama Court of Criminal Appeals + Ala. Supreme Ct. 2)*

(2) Docket or case number (if you know): *CR-97-2376   + 2) 1981619*

(3) Date of filing (if you know): *1) 6/3/99  ✓  2) July 3, 99*

(4) Nature of the proceeding: *1) Copies of Medical Records sent on behalf of me by wife*
*2) Supplemental brief of corrected dates + facts ( to Bob Martins filing)*

(5) Grounds raised: _____

*See paper entitled "Supplement to Habeas, page 4", Section #11 (5)"*

*⭐ EXTRA ENCLOSURE*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐  No ☒

(7) Result: *Affirmed lower court*   *Affirmed Lower Court*

(8) Date of result (if you know): *April 30, 1999  + 10/15/99*

(b) If you filed any second petition, application, or motion, give the same information:

*Next step Federal Habeas →*

(1) Name of court: *Middle District of Alabama, Montgomery*

(2) Docket or case number (if you know): *99T-1356-N*

(3) Date of filing (if you know): *November 14, 1999*

(4) Nature of the proceeding: *Habeas Corpus*

(5) Grounds raised: *1) Guilty Plea by Coercion; 2) Trial Court Colloquy didn't Comply with ARCP; 3) Ineffective Assistance; 4) Defective Indictment; 5) non representation of Attorney within 30 days of arrest;*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐   No ☑   Case dismissed so I could exhaust State

(7) Result: _____ Remedies (without Prejudice) -

(8) Date of result (if you know): _____ Feb. 2, 2000 _____

(c) If you filed any third petition, application, or motion, give the same information:

*1st Rule 32*

(1) Name of court: _____ Autauga County Circuit Court _____

(2) Docket or case number (if you know): 98-CR-124.60

(3) Date of filing (if you know): 4/26/00

(4) Nature of the proceeding: Rule 32

(5) Grounds raised: 1) Denied Preliminary Hearing; 2) Judge's Collogmy Not Compliant; 3) Conviction Obtained by Coercion; 4) Unethical behavior Between Sheriff + Judge; 5) False Charge on Record; 6) Ineffective Ass. of Counsel; 7) Unequal Protection of law; 8) Defective Indictment; 9) Newly discovered Facts.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☑   No ☐

(7) Result: Denied

(8) Date of result (if you know): _____ September 12, 2000 _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   Yes ☑  No ☐

(2) Second petition:  Yes ☑  No ☐   filed Rule 32 - proceeded though all channels

(3) Third petition:   Yes ☑  No ☐   but ran out of time to file Writ of Certiorari
                                      Due to waiting of a ruling for Writ of
(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: Mandamus
had filed a writ of Mandamus ordering the lower court (Court of Appeals) to make rulings on several issues they refused to address).

✗ See Additional Courts + Appeals/Dates for 1st Rule 32 + 2nd Habeas in Federal Courts — Before proceeding to this Petitions' Page # 6

*PLEASE NOTE: Pages 10-13 are in reference to this Specific Appeal.*

Page 6

*PLEASE NOTE ADDITIONAL PAGES OF ISSUES FROM RULE 32 ON APPEAL WITH THIS FILING Pages "10-13" of EXHIBITS*

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

*The following were all exhausted on Direct Appeal*

*The following is in reference to the 4 issues Granted Certificate of Appealability*

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

*(1)*

**GROUND ONE:** Coercion

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

This court denied a Certificate of Appealability. 11th Circuit Granted a Certificate of Appealability on this specific issue (as well as 3 others) - however stated we had not exhausted state remedies.

FACT: The 4 issues 11th Circuit granted a Cert of Appealability for, WERE exhausted on Direct Appeal in 1998 & 1999.

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:

They WERE Exhausted in Direct Appeal

_____
_____

(c) **Direct Appeal of Ground One:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☑  No ☐

  (2) If you did not raise this issue in your direct appeal, explain why: _____
   _____
   _____

(d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   Yes ☑  No ☐

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: Rule 32

  Name and location of the court where the motion or petition was filed: Autauga County Circuit Court, Prattville, Ala.

  Docket or case number (if you know): _____

  Date of the court's decision: _____

Page 7

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☑ No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Ala. Court of Criminal_

_Appeal_

Docket or case number (if you know): _CR-97-2376_

Date of the court's decision: _4/30/99_

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _Reply Brief_ _The thorough process_ — _Direct Appeal, Application for Rehearing, Petition for Writ of Certiorari, 2 motions in support of_

② **GROUND TWO:** _Mental Disease or Defect - Denied (Attorney (Court-Appointed) failed to + refused to enter this plea until 2nd Attorney was hired for B-4 Sentencing_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Court App. Attorney, David Zimmerman filed incorrect + old "Arrainment + plea papers which did not state I could plea "Not Guilty by Reason of Mental Disease or Defect". Judge also left this off his Colloguiry._

_2nd Attorney, that I hired, requested Mental Health hearings, entered Plea of Not Guilty by reason of Mental Disease of Defect, and Judge denied both the right to change my Coerced Plea, as well as denied me a Mental Health hearing._

_(11th Cranit granted Certificate of Appealability on this issue aswell as 3 others)._

Page 8

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

I DID on Direct

Appeal

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Rule 32_

Name and location of the court where the motion or petition was filed: _Antauga County_
_Circuit Court, Prattville, Ala._

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _Denied_

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☑ No ☐

(Same proceeding wherein 25
witnesses were subpoened &
9 failed to show —
Judge refused to find them in
Contempt of Court

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Ala. Court of Criminal_
_Appeals, Montgomery, Ala._

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _Denied_
_Lower Court upheld_
_(this Court did not make a ruling on_
_all issues presented)._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: *Direct Appeal    Reply Brief    Petition for Rehearing, Petition for Certiorari Review, & 2 Supplemental Briefs in Support of*

③ **GROUND THREE:** Defective Indictment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Indictment was incorrect — 11th Circuit Granted a Certificate of Appealability on this issue in 2nd Habeas Appeal of the Middle District — however ended ruling that issue had not been exhausted in 1st Rule 32. FACT! ISSUE WAS EXHAUSTED IN DIRECT APPEAL in 1998+99

(b) If you did not exhaust your state remedies on Ground Three, explain why: IT WAS EXHAUSTED!!

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 32

Name and location of the court where the motion or petition was filed: Autauga County Circuit Court, Prattville, Ala.

(Same court where I made 4 motions to have Judge Sibley Reynolds recused, + he refused 4 times) —

Page 10

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?   *was not allowed all by subpoenaed*
   Yes ☑  No ☐   *witnesses.   I refused to show.*

(4) Did you appeal from the denial of your motion or petition?
   Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
   Name and location of the court where the appeal was filed: *Ala. Court of Criminal Appal.*
   _____ *Mont. Ala.*

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three: *Reply Brief (which was filed but refused to apply — because Court said I had Attor. although she was fired — I was denied Due Process without my Reply brief issues — )*

④ **GROUND FOUR:** *Unequal Protection of the law*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *I was harassed on my own property by my brothers several times 1 brother (Chuck) was criminally trespassing after being warned off by a deputy) — Courts arrested me but refused to do ANYTHING to either brother — although they were trespassing — tape recordings of then Circuit Clerk stating No warrants on the brothers.*

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☑  No ☐

    (2) If you did **not** raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☑  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _Rule 32_

    Name and location of the court where the motion or petition was filed: _Autauga County_ _Circuit Court, Prattville, Ala._

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☑  No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☑  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☑  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _Ala. Court of Criminal_ _Appeals_

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*Exhausted Remedies!!*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *Direct Appeals — thorough process, + Rule 32 — Appeals*

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     Yes ☑  No ☐

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

   _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

   *NO*

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☑  No ☐

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. *( Both of which were 2 Habeases filed Non EXHAUSTION OF STATE REMEDIES. ) although the 4 issues granted by the 11th Circuit in the Certificate of Appealability WERE EXHAUSTED IN DIRECT APPEAL.*

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _WAS NOT ALLOWED ONE_

(b) At arraignment and plea: _DAVID Zimmerman, (Court-App.)_

(c) At trial: _WAS NONE_

(d) At sentencing: _Robert Martin,_

(e) On appeal: _Robert Martin,_

(f) In any post-conviction proceeding: _(denied Att. at first) Kimberly Griffin, Rule 32_ _Lee Shultz - Rule 32 Appeal_

(g) On appeal from any ruling against you in a post-conviction proceeding: _Lee Shultz_

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☑   _Am still Under a felony Conviction._

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☑

18. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

I have followed the Appeals Processes
Consistently since 1998 - The 2nd Habeas
in Federal Court took —— almost 3 years to
complete. A second Rule 32 was filed
wherein my EXHIBITS disappeared from
the Courthouse file, I was denied a hearing
as well as my petition, it was completed
through all the appeals processes, &
I am filing this petition within one
year of the last —— procedure in State
Court.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 15

Therefore, petitioner asks that the Court grant the following relief: _A new trial_

_____

_____

or any other relief to which petitioner may be entitled.

_Informa Pauperis_

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus ~~was placed in the prison mailing system on~~ _WAS hand-delivered_ _____ (month, date, year):

Executed (signed) on _Sept, 14, 2007_ (date).

_Ricky W. Murphree_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

* * * * *

PRO SE

Ricky Murphree
1981 Amber Rose Dr.
Prattville, Ala. 36067
334-365-3617

Supplement to Habeas, page 4, Section # 11 (5)

Grounds Raised: In Supreme Ct. July 3, 1999.
⟶ ① Defective Indictment - Code of Ala. 13-2-100)
        Indictment Form 98 - Trespass after Warning ~
(Concerning Unequal Protection of Law with brothers
abusing me on my own property).

⟶  Code of Alabama  13A-3-1 (Mental Disease or Defect)
⟶  Code of Alabama  13A-3-20 (Duress)
   Kelly vs State, 1968
   U.S. Constitution, Code 42, 1986


Medical Experts in my Case
Helen Burdett, LPC, Mental Health Therapist
Mrs. Casu, Mont. Area Mental Health Psychiatrist
George Clare - Autauga County Mental Health Therapist
Danny Ingram - Family Physician
Karl Kirkland - Ph.D. Clinical Psychologist
Fred Lerner, Scientist on P.T.S.D.
Roy N. Pasker, Mont. Area Mental Health Psychiatrist
Carol Skelton, Ph.D. Licensed Psychologist who
        Administered Minnesota Multiphasic
        Personality Inventory Test - 2
Montgomery Area Mental Health Authority
CAT Thomas, M.S. LPC, Director Access.
        Montgomery Area Mental Health Authority

Supplement to Habeas, page 4, Section # 11 (5)
Continued...

② Coercion (page 2, 3, 5, 6,

3) Unequal Protection of law - brother trespassing
   after warning    - page 3, 4, 8,
                                    9, 10

④ Mental Disease or Defect   3, 5, 7,

Ricky W. Murphree

*EXHIBIT LIST FILED WITH 2*

*Rule 32*
*Appealing Now, here*

## DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

My "Pro Se" NOTICE OF APPEAL makes documentation to the issues that I was appealing and showed my INTENT TO APPEAL.


SEE: EXHIBIT ONE                    "Notice of Appeal"


Lee Shultz was appointed Attorney of Record for my appeal. She neglected to list and address the following 3 issues in my appeal, although they are clearly listed in my Pro Se Notice of Appeal!!! This neglect, therefore, caused these issues to be PROCEDURALLY BARRED.
     1) Ineffective Assistance by prior attorneys;
     2) Defective Indictment;
     3) Coercion.


SEE:  EXHIBIT TWO            "Magistrate Federal Judge, Susan
                              Russ Walker's RECOMMENDATION,
                              pages 4 & 5." (Habeas).


Lee Shultz saw no reason to file a reply brief to the Attorney General's brief so I was put in the position to have to file my own reply brief, in order to get my issues on the record. I fired Ms. Shultz for her neglect as documented in my firing letter.


SEE:  EXHIBIT THREE          "Letter from Lee Shultz"

SEE:  EXHIBIT FOUR           "Firing letter of Lee Shultz"


Lee Shultz's Ineffectiveness and NEGLECT, PREJUDICED me throughout my Rule 32 Appeal, throughout the Alabama Court of Criminal Appeal's, throughout the Alabama Supreme Court and throughout my 2nd Habeas in Federal Court. My issues were barred procedurally, and therefore the EXHAUSTION OF STATE REMEDIES WAS IMPOSSIBLE!

*Ruby Murphree*

EXHIBIT
ONE

EXHIBITS ONE
THROUGH FOUR
Pertain to 2nd
Rule 32

## NOTICE OF APPEAL

Comes now Ricky Murphree, before the Autauga County Circuit Court, Alabama, to give notice of appeal for case #CC-98-124.60, taken to the Alabama Court of Criminal Appeals.

Ricky Murphree is appealing the following:

1)    Judge Reynold's order, dated September 12, 2000 and filed on September 14, 2000, wherein he denied several claims of relief in a Rule 32 Petition.

      a.)    Motion for Judge Reynolds to recuse hisself
           (Denied)

      b.)    Denial of Effective Assistance of Counsel
           (barred)

      c.)    Newly discovered facts
           (denied)

      d.)    Defective Indictment
           (fails)

      e.)    Equal Protection of the law
           (fails)

      f.)    False and slanderous charge on record
           (fails)

      g.)    Conviction obtained by coercion
           (fails)

2)    Judge Reynold's refusal to address in his order the following claims for relief stated in the Rule 32 Petition:

      a.)    Denial of Preliminary Hearing

      b.)    Judge Reynold's Colloquoy was not compliant
           (according to transcript by court reporter)

      c.)    Judge Reynold's Unethical behavior with sheriff
           in participating in EX PARTE meetings prior and
           during proceedings of Ricky Murphree.

EXHIBIT
TWO        —        FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RICKY WADE MURPHREE,            )
                               )
            Petitioner,        )
                               )
        v.                     )        CIVIL ACTION NO. 01-T-1166-N
                               )
DEPARTMENT OF PARDONS and      )
PAROLES, et al.,               )
                               )
            Respondents.       )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. Introduction and Procedural History

On October 3, 2001, the petitioner filed a 28 U.S.C. § 2254 petition for writ of

habeas corpus attacking his 1997 conviction for criminal mischief entered against him by

the Circuit Court of Autauga County, Alabama. He was sentenced to one year and one

day of imprisonment. The petitioner's sentence was split and he was ordered to serve six

months of imprisonment and two years of probation.

The petitioner appealed[1] and on April 30, 1999, the Alabama Court of Criminal

Appeals affirmed the petitioner's conviction. On October 15, 1999, the Alabama Supreme

Court denied the petitioner's application for a writ of certiorari. On November 15, 1999,

---

[1]On direct appeal, the petitioner claimed that the trial court abused its discretion and violated his
right to due process by refusing to conduct a hearing or allow him to withdraw his guilty plea based on
his mental condition at the time of the offense charged. *See Attachment to Petitioner's Response dated
May 9, 2002 (Doc. #24).*

the Alabama Rules of Criminal Procedure, he fails to state a federal claim upon which habeas relief can be granted. The state court's interpretation of its own laws and rules provides no basis for federal habeas relief. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988).

### B. Americans with Disabilities Act

The petitioner maintains that the trial court violated the Americans with Disabilities Act. However, the petitioner's contention is not a challenge to his conviction and provides no basis for federal habeas relief. *See* 28 U.S.C. § 2254.

### C. Procedurally Defaulted Claims

The petitioner's claim that counsel was ineffective for causing his claims to be procedurally defaulted was never presented to the state courts. This claim is therefore procedurally defaulted. *See Teague v. Lane*, 489 U.S. 288 (1989); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).

The petitioner's remaining claims of ineffective assistance of counsel and his claim that the indictment was defective were not properly raised on appeal of the denial of his Rule 32 petition. Although the petitioner raised these claims in a reply brief, the claims were not raised in the initial brief filed by appellate counsel. *See Baker v. State*, 683 So.2d 1, 4 (Ala.Crim.App. 1995) (An appellate court will not consider a *pro se* appellate brief when an appellant has an attorney). Therefore, these ineffectiveness claims are

4

_EXHIBIT
THREE

Law Offices of
**Lee R. Shultz**
155 W. College Street
Post Office Box 240338
Eclectic. Alabama  36024-0338

Telephone (334) 541-2090

April 27, 2001

Mr. Ricky Murphree
1981 Amber Rose Drive
Prattville, Alabama 36067

RE:     Ricky Murphree v. State of Alabama

Dear Mr. Murphree:

I spoke with Sonya in the Clerk's Office of the Court of Criminal Appeals.  She stated to me that you had been in contact with the Clerk's office and needed a copy of the Appellee's brief and you could not get in touch with me.  I have not received any messages from you and my answering machine and voice mail are working properly.  I received the enclosed letter from the Clerk's office yesterday and received a copy of the enclosed Appellee's brief in the mail today.

I have quickly reviewed the appellee's brief and did not find anything that I feel I need to respond to in another brief.  Please review it and let me know if you feel I should respond to anything that I did not address in the initial brief.  I will also review it again myself.

Let me know something.  Thank you for your help.

Sincerely,

Lee R. Shultz

/lrs
enclosures

EXHIBIT
FOUR    —

May 8, 2001

Lee R. Shultz, Esq.
P.O. Box  240338
Eclectic, Ala.  36024

Dear Ms. Shultz:

Since you stated that you can see no reason to answer the Attorney
General's Brief to the Court of Criminal Appeals, and since you
stated in Appellant's brief that some of my issues had no merit,
instead of finding case law to substantiate the merit, it is
apparent that I will no longer be needing your services.

Thank you for the time you have invested in my case, and good luck
to you in the future.

Sincerely

*Ricky Murphree*

Ricky Murphree
1981 Amber Rose Drive
Prattville, Ala.  36067
334-365-3617

cc:  Court of Criminal Appeals
     Attorney General, Bill Pryor

①

1st Rule 32    Extra Information & Filings

Documents pages 1-9 Pertain to 1st Rule 32 filings

4 Motions for Judge Reynolds to Recuse
    4/26/00, (denied 5/12/00)
      5/30/00 (denied 6/6/00)
        9/12/00 (Oral motion made in Court by Attorney Kimberly Griffin for Reynolds to recuse — & Judges denial).

4th Motion to Recuse was between 10/31/00 & 11/27/00 when an Emergency Petition for Writ of Mandamus was filed.

Motions & Filings in 1st Rule 32 Case.

⟶ Rule 32 Petition filed       4/26/00
⟶ Motion To Request Court-Appointed Attorney, filed     6/21/00
⟶ Motion For Judgment of Default   6/21/00 Against Respondents filed
⟶ Judge set Petition & Default Motions 6/22/00 for Court Day — 9-12-00
⟶ Motion to Appoint Counsel - DENIED 6/28/00
⟶ Motion to Reconsider Denial of Counsel 7/5/00
⟶ Motion for "Judge's Determination as to the Protection of Indigent Petitioner's Rights in Hearing According to Alabama 8/7/00 Rules of Criminal Procedure - Determination is Required" Filed

②

→ Objection to "Undated" State's Answer    8/16/00
   by Sam Partridge,    FILED
   (This was where the state went a
   couple months or more (3½ months)
   before filing an answer. No request
   on file was made by the State for
   an "Extension of Time."
   Dates (Filed) 4/26/00 — Answer (undecipherable
      between  8/7/00 + 8/16/00.  — Over 3 mos.

→ Judge finally Appoints Attorney (Kim Griffin) 8/24/00

→ 9/12/00 Rule 32 Hearing Held,  9 subpoenaed
   witnesses failed to appear.  Oral Motion by
   Attorney to have Reynolds recuse/denied. Judge
   didn't make ruling on "Motion for Default as
   he had previously set up on 6/22/00 - and
   therefore WAS OFF THE RECORD.

→ Attorney Griffin made "Request for Ruling on
   Default" FILED    ——————    9/22/00
→ Judge denied Request for Ruling  9/25/00
✗  (No Ruling Was made about the
      State being in Default) !!!!



→ "Objection To Subpoenaed Judge, Sibley Reynolds Hearing and Ruling on Petitioners' Rule 32 Petition / Objection to Judge using SUBPOENAED COURT REPORTER to Transcribe Proceedings" FILED  9/18/00

→ "Objection to Dill's Motion to Quash Subpoena / "Dills APPEARANCE WAS NECESSARY TO CLEAR UP FALSE INFORMATION HE SUPPLIED FEDERAL DISTRICT COURT INVOLVING UNEXHAUSTED STATE REMEDIES THAT ARE IN DIRECT DISPUTE TO STATE PROSECUTOR, SUBPOENAED SAM PARTRIDGE'S ALLEGATIONS OF EXHAUSTED STATE REMEDIES"          FILED          9/18/00

NOTE:   William D. Dill's false information concerning Petitioners EXHAUSTION OF STATE REMEDIES GOT PETITIONER DISMISSED

FROM 1st FEDERAL HABEAS !!!!

★ HIS TESTIMONY WAS CRUCIAL TO CONTRADICT STATE PROSCUTOR SAM PARTRIDGE'S TESTIMONY, & VICE VERSA.

④

→ JUDGE REVIEWED OBJECTIONS + 10/19/00
TOOK NO ACTION

→ NOTICE OF APPEAL FILED 10/12/00
(This Notice was filed by Petitioner with
all Issues on it that next appointed
Attorney LEE SHULTZ failed
to Numerate + list on Appeal.
Therefore — ALL ISSUES NOT
APPEALED BY LEE SHULTZ were
PROCEDURALLY BARRED FROM THEN ON
BY FUTURE COURTS !!!!!!

Ineffective Assistance
of Counsel

⑤

→ MOTION FOR FINDING COURT SUBPOENAED
  WITNESSES WHO FAILED TO SHOW —
  IN CONTEMPT OF COURT
                FILED        10/25/00

→ Judge sets date to hear Motion
  FOR CONTEMPT              10/31/00

→ Motion for 1st Recusal of Judge Reynolds
  from   PRESIDING OVER CONTEMPT
  HEARING — filed between 10/31/00
  + 11/27/00.  (Not Shown on
              Case Action Summary)

→ Judges 4th Refusal to Recuse is also not
  noted on Case Action Summary.

→ Emergency Motion For Stay Of Proceedings
                    filed 11/27/00

→ Emergency Petition For WRIT OF
  MANDAMUS FILED IN COURT OF
  CRIMINAL APPEALS + DOCUMENTED IN
  AUTAUGA COUNTY CIRCUIT COURT    11/27/00

→ Judge sets Motions to be heard on 12/4/00
  12/13/00

→ Court of Criminal Appealed Made Order 12/5/00

6 Reynolds Court Reporter files request for extension
of Time to complete Rule 32 TRANSCRIPT. (THIS
PREVENTED PETITIONER FROM HAVING TRANSCRIPT AT
CONTEMPT HEARING.)                                        FILED — 12/7/00

→ JUDGE SIBLEY REYNOLDS files PERJUROUS
     AFFIDAVIT TO Court of Criminal Appeals
   TO DEFEND HIS STAND FOR NOT RECUSING
   HIMSELF          —        FILED        12/8/00
(In this Affadavit, Reynolds gave a
false explanation of Petitioner's Motion
for his Recusal; Reynolds gave false
information about his appointment to
the CIVIL SUIT Petitioner & wife had
in Circuit Court at the same time;
Reynolds gave false information specifically
relevant to his EX PARTE with Sheriff
Herbie Johnson, which is an ISSUE
in the 1st Rule 32; Herbie Johnson
was ALSO 1 OF THE DEFENDANTS IN
THE CONTEMPT HEARING — (although Johnson
was present in the Rule 32 Hearing, he was
being "held in Contempt" for NOT SERVING
SUBPOENA on TONY THOMAS, who was
crucial in the whole case.)

→ Petitioner's Answer to Respondents Response
                    FILED — 12/11/00

→ Judge Holds Contempt Hearing & Refuses
   to Find Witnesses not appearing in Court) 12/13/00
   in Contempt
        (All individuals that work within the Court system.)



Reynolds Recused himself FROM
PETITIONERS CASE CONCERNING
ANY FURTHER ACTION.        Jan. 4, 2001
AFTER HE DENIED EVERYTHING
        TO PETITIONER !!!

Federal MIDDLE DISTRICT OF ALABAMA
2nd HABEAS

Petitioner was drawn through over 2 years
of Motions, Rulings, Etc. in this
court, with the ending "Recommendation
OF THE MAGISTRATE JUDGE" (Susan Russ
Walker).        filed        January 17, 2003

Judge Susan Russ Walker's Recommendation
Page A  Purely acknowledged INEFFECTIVE
ASSISTANCE OF COUNSEL AT THE HANDS
OF COURT APPOINTED ATTORNEY, LEE SHULTZ
QUOTE  "The Petitioner's remaining claims of Ineffective
Assistance of Counsel and his claim that the
Indictment was Defective WERE NOT PROPERLY
RAISED ON APPEAL OF THE DENIAL OF HIS
RULE 32 PETITION... the claims were
not raised in the initial brief filed by appellate
                        Counsel."



⟹ Magistrate Judge Walker also stated, "Although the Petitioner raised these claims in a reply brief, the claims were not raised in the initial brief filed by Appelate Counsel. (An Appellate Court will not consider a prose appellate brief when an appellant has an attorney.)

⟹ However, Judge Walker is wrong on this issue because Petitioner/Appellant FIRED his Attorney and filed his own reply brief.

⟹ NOTE: See FIRING LETTER, which was marked EXHIBIT #FOUR in 2nd Rule 32 that Petitioner/Appellant is Appealing at this time, in this Middle District Court of Alabama.

⟹ ALSO, The Court is WRONG that these issues were not filed, because the record reflects that RICKY MURPHREE, Petitioner, filed his OWN NOTICE OF APPEAL (before appointed an attorney), + it fully stated all the issues on Appeal. EXHIBIT ENCLOSED.



⑨

JUDGE MYRON THOMPSON UPHELD MAGISTRATE
JUDGE SUSAN RUSS WALKER'S RECOMMENDATION.

★ PETITIONER APPEALED, JUDGE THOMPSON
DENIED HIS MOTION TO APPEAL.

PETITIONER REQUESTED CERTIFICATE OF
APPEALABILITY TO THE 11TH CIRCUIT
OF APPEALS. IT WAS GRANTED

11th Circuit's finally order was that
Petitioner had NOT EXHAUSTED All
STATE REMEDIES. However the
record reflects that all 4 issues
That the 11th Circuit granted a
Certificate of Appealability for.
WERE EXHAUSTED ON

DIRECT APPEAL IN 1998-
1999.

Ricky W. Murphree

(10)

Rule 32 Petitioner is filing
Appeal on  September 14, 2007

IN   MIDDLE DISTRICT OF ALABAMA

Documents pages 10-13
Pertain to 2nd
Rule 32 appeal

Petitioner filed a 2nd Rule 32 (in timely
fashion - one year from last ruling in the
11th Circuit Court of Appeals). This Rule 32
raised 2 issues.
1) Ineffective Assistance of Counsel by Lee
   Shultz.
2) Newly Discovered Facts, that Petitioner
   was Denied Right to SELF REPRESENTA-
   TION!!

4 EXHIBITS were filed.

→ ONE:   Notice of Appeal
         (This is the document Petitioner filed
         Pro Se when he was between attorneys
         Kimberly Griffin had withdrawn from
         case, and Lee Shultz had not been
         appointed yet.)

Notice of Appeal listed ALL ISSUES THAT
were being raised on Appeal. — Several
issues Lee Shultz DID NOT ADDRESS.

→ TWO: "Magistrate Federal Judge, Susan
         Russ Walkers RECOMMENDATION,
         pages 4 + 5.

⑪

→ EXHIBIT THREE : "Letter from Lee Shultz"
   This was the letter wherein Ms Shultz
saw no reason to ___ to Attorney General's
Answer. — WHEREFORE she was FIRED
and Petitioner filed his OWN Reply
Brief — which was not accepted throughout
the Court.

☆ NOTE: This non-acceptance of
         Petitioner's reply brief was not
      discovered UNTIL he was in
   Federal Court on his 2nd Habeas.

Therefore ☆ NEWLY DISCOVERED

                    FACT !!!!

(This Newly Discovered fact was then
brought before the Autauga County
Circuit Court in a 2nd Rule 32
WITHIN ONE YEAR of last ruling in
the 2nd FEDERAL HABEAS +

IN A TIMELY FASHION +

ACCORDING TO THE RULES OF
           PROCEDURE !!!

☆ Please Note that EXHIBIT 3
Walked out of the Courthouse files,
and Petitioner filed the proper
motion To Supplement the Record with
the same exact Exhibit (copy).

This motion was denied by Judge
Ben Fuller.

→ Another 2nd Motion was then
directed to the Court of Criminal
Appeals to Supplement the Record
with re-entering a copy of EXHIBIT 3
Lee Shultz's letter showing Ineffectiveness.

However, Bucky McMillan denied
this motion also.

→ EXHIBIT FOUR: FIRING LETTER OF
                 LEE SHULTZ

✗ THERE IS NO QUESTION THAT
PETITIONER WAS CLEARLY
REPRESENTING HIMSELF AT TIME
OF FILING HIS OWN REPLY BRIEF !!



APPEAL WAS FILED — BY Petitioner

BRIEF FILED BY APPELLEE          9/15/05

REPLY BRIEF FILED BY PETITIONER   9/19/05

MEMORANDOM  ENTERED BY SUEBELL
                    COBB ON          4/21/2006

APPLICATION FOR REHEARING filed 5/4/2006

Application Overruled          5/12/2006

PETITION FOR WRIT OF CERTIORARI  5/25/2006

DENIAL OF WRIT + CLOSE OF RULE 32  09/15/2006

PETITIONER  HAS  BEEN

PROCEDURALLY BARRED Repetitiously

SINCE 1998 — although filings

have been on time
        Denial of Due PROCESS!!
                    Ricky W. Dunphree

EXHIBIT h.

JUDICIAL INFORMATION SYSTEM    CASE: CC 1998 000124.60
CASE ACTION SUMMARY
CIRCUIT CRIMINAL    RUN DATE: 05/11/2000

JUDGE: S-R

THE CIRCUIT COURT OF AUTAUGA    S-R

STATE OF ALABAMA    VS    MURPHREE RICKY    *Case Action*
1981 AMBER ROSE DRIVE    *Summary*
CASE: CC 1998 000124.60    , PRATTVILLE, AL  36067 0000

DOB: 04/10/1955    SEX: M  RACE: W  HT: 5 11  WT: 200    HR *Pertains to*
SSN: 418785173  ALIAS NAMES:    *Rule 32 #1*

CHARGE01: RULE 32-FELONY    CODE01: RULE  LIT: RULE 32-FELONY  TYP: F  #: 001
OFFENSE DATE:    AGENCY/OFFICER:

DATE WAR/CAP ISS:    DATE ARRESTED:
DATE    INDICTED:    DATE    FILED: 04/26/2000
DATE    RELEASED:    DATE  HEARING:
BOND AMOUNT:    $.00    SURETIES:

DATE 1:    DESC:    TIME: 0000
DATE 2:    DESC:    TIME: 0000

TRACKING NOS:    /    /

DEF/ATY: *Kimberly Griffin*    TYPE: *Appt.*    TYPE:
*Lee Schultz on* Appeal
00000    00000

PROSECUTOR: PARTRIDGE SAMUEL SCOTT

OTH CSE:    00000000000 CHK/TICKET NO:    GRAND JURY:
COURT REPORTER:    SID NO:    000000000
DEF STATUS: BOND    DEMAND:    OPER: DEM

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|---|---|---|
| 4/26/00 | Petition for Relief from Conviction or Sentence filed | |
| | (Denied Preliminary Hearing, Judge's Colloquoy Not Compliant, | |
| | Conviction Obtained by Coercion, Unethical Behavior Between | |
| | Sheriff & Judge, False and Slanderous Charge on Record, Denial | |
| | of Effective Assistance of Counsel, Equal Protection of the | |
| | Law Denied, Defective Indictment, Newly Discovered Facts) | |
| 4/26/00 | Motion for Judge Reynolds to Recuse Hisself filed | |
| *5-12-00* | *Motion for Judge Reynolds to Recuse - denied (SL)* | |
| *5-12-00* | *Copy to Deft's wife* | |
| *5-16-00* | *Copy to DA* | |
| 5/30/00 | Affidavit of Substantial Hardship filed | |
| 5/30/00 | Motion to Reconsider Judge's Refusal to Recuse Hisself: | |
| | Judicial Canon of Ethics Involved: Canons, Two, Three and | |
| | Seven | |
| *6-6-00* | *Motion to reconsider refusal to recuse - denied (SL)* | |
| *6-6-00* | *Copy to Deft's wife & DA* | |

AL - EXHIBIT #32 -NFORM.TION CENTER

MOTION SUMMARY
CONTINUATION

CASE: CC 1998 000124.60
JUDGE ID: S-R

| STATE OF ALABAMA | VS | MURPHREE RICKY |  |
|---|---|---|---|

| DATE | ACTION, JUDGMENTS, CASE NOTES | Page 2 |
|---|---|---|
| 6-12-00 | Order Granting Affidavit of Substantial Hardship | |
| 6-13-00 | Copy of CAS to Deft | |
| 6-21-00 | Motion To Request Court-Appointed Attorney filed | |
| 6-21-00 | Motion For Judgment Of Default Against Respondents filed | |
| 6-22-00 | Rule 32 Petition and Motion for Judgment by Default is all set for hearing at 9:00 on 9-12-00 (SR) | |
| 6-26-00 | Copy to Deft's wife | |
| 6-28-00 | Copy to DA | |
| 6-28-00 | Motion to Appoint Counsel for Rule 32 Petition - denied (SR) | |
| 6-29-00 | Copy to Deft + DA | |
| 7-5-00 | Motion to Reconsider Denial of Court-Appointed Counsel to Indigent Rule 32 Petitioner filed | |
| 8/7/00 | Motion for Judge's Determination as to the Protection of Indigent Petitioner's Rights in Hearing According to Alabama Rules of Criminal Procedure Determination is Required filed | |
| 8/7/00 | Subpoenas requested by deft filed | |
| 8/1/00 | State's Answer filed | |
| 8/16/00 | Objection To Undated State's Answer By Sam Partridge filed | |
| 8/24/00 | Court Appoints Hon. Kim Griffin to represent Ricky Murphree in this pending Rule 32 Petition (SR) | |
| 8-24-00 | Copy of Rule 32 file to Griffin | |
| 8-24-00 | Copy of CAS to DA + Deft | |
| 9-8-00 | Motion to Quash filed | |
| 9-12-00 | Petition for Rule 32 hearing held, on record, Oral Motion for Judge Reynolds to recuse, denied, issue taken under advisement (SR) | |
| 9-12-00 | Copy to DA + Deft | |
| 9-14-00 | Order on Rule 32 Petition filed | |
| 9-14-00 | Copy to Partridge, Griffin, Deft | |
| 9-22-00 | Request for Ruling filed | |
| 9-25-00 | Request for Ruling on default - denied (SR) | |
| 9/18/00 | Objection to Subpoenaed Judge, Sibley Reynolds, Hearing and Ruling on Petitioner's Rule 32 Petition / Objection to | |

J369  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1998 000124.60
JUDGE ID:  S-R

ATE OF ALABAMA                    VS    MURPHREE RICKY
                                                            Page 3

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| | Judge Using His Subpoenaed Court Reporter to Transcribe |
| | Proceeding ..... filed |
| 9/18/00 | Objection to Dill's Motion to Quash Subpoena / Dill's |
| | Appearance was Necessary to Clear up False Information |
| | He Supplied Federal District Court Involving Unexhausted |
| | State Remedie that are in Direct Dispute to State Prosecutor, |
| | Subpoenaed Sam Partridge's Allegations of Exhausted State |
| | Remedies filed |
| 9-25-00 | Attorney's Fee Declaration filed |
| 10-19-00 | Court reviewed two objections filed 9-18-00 - No action necessary. No action taken SD |
| 10/12/00 | Notice of Appeal filed |
| 10/13/00 | Court of Criminal Appeals Docketing Statement filed |
| 10/13/00 | Reporter's Transcript Order--Criminal filed |
| 10/18/00 | Notice of Appeal to the Alabama Court of Criminal Appeals by |
| | the Trial Court Clerk |
| 10/20/00 | Motion to Withdraw filed |
| 10/20/00 | Order filed - Motion to Withdraw Granted |
| 10/24/00 | Copy to Partridge, Griffin, Deft |
| 10/25/00 | Motion for Finding of Contempt filed (Indv fail to comply with subpoena) |
| 10/25/00 | Motion for Finding of Contempt filed (Sheriff) |
| 10/25/00 | Motion for Finding of Contempt filed (Dill) |
| 10-30-00 | Motion for Court-Appointed Attorney on Appeal filed |
| 10-31-00 | Motions for Contempt set 12-13-00 @ 9:00 am SD |

ACR0369   A L A B A M A   J D I C I A L   I N F O R  A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1998 000124.60
JUDGE ID:  S-R

STATE  OF  ALABAMA                VS    MURPHREE  RICKY

| DATE | ACTION, JUDGMENTS, CASE NOTES | Page 4 |
|---|---|---|
| 11-17-00 | Copy to Partridge, Shultz, Deft | |
| 11/27/00 | Emergency Motion for Stay of Proceedings filed | |
| 11/27/00 | Copy of Emergency Petiton for Writ of Mandamus filed | |
| 11/27/00 | Copy of Emergency Petition for Writ of Error filed | |
| 11/28/00 | Motion for Stay of Proceedings filed | |
| 12-4-00 | Motions as filed all set 12-13-00 (SR) | |
| 12/5/00 | Order from Court of Criminal Appeals - 2 | |
| 12/8/00 | Affidavit filed (Judge Reynolds) | |
| 12/7/00 | Request for Local Extension of Time to Complete the Reporter's Transcript / Trial Court Action filed  (12/8 Copy to CCA) | |
| 12/11/00 | Petitioner's Answer to Respondent's Response filed | |
| 12-13-00 | Case called on Petition for Contempt - argument heard, statements heard, Upon hearing the argument, Court does not find contempt for the witnesses not appearing at the Rule 32 hearing. Case dismissed (SR) | |
| 12-15-00 | Copy to Deft, DA | |
| 12-14-00 | Order from Court of Criminal Appeals filed | |
| 12-18-00 | Emergency Petition for Writ of Mandamus / Appeal De Nova from the Court of Criminal Appeals of Alabama filed | |
| 12-28-00 | Written Notice of Appeal filed    (Contempt Hearing) | |
| 12-28-00 | Court of Criminal Appeals Docketing Statement filed | |
| 12-28-00 | Reporter's Transcript Order -- Criminal filed | |
| 1-4-01 | I hereby recuse myself from any further action in this case SR | |
| 1-11-01 | Transcript Mailed to CCA | |
| 1/11/01 | Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk  (Motion for Contempt Hearing) | |
| 1/23/01 | Certificate of Dismissal filed (Motion for Contempt Hearing) | |
| 2/8/01 | Order from Supreme Court filed | |
| 2/15/01 | Order & Copy of Motion from Court of Criminal Appeals filed | |
| 3/28/01 | Order on Motion to Correct Record on Appeal filed | |
| 3/29/01 | Copy to CCA, AG, Atty | |
| 5-18-01 | Memorandum Received | |

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000441
Cashier ID: brobinso
Transaction Date: 09/14/2007
Payer Name: DEBBIE MURPHREE
-----------------------------------
WRIT OF HABEAS CORPUS
 For: RICKY WADE MURPHREE
 Case/Party: D-ALM-2-07-CV-000832-001
 Amount:        $5.00
-----------------------------------
CASH
 Amt Tendered:  $5.00
-----------------------------------
Total Due:      $5.00
Total Tendered: $5.00
Change Amt:     $0.00
```