IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY WADE MURPHREE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:07-CV-832-MHT |
| | ) [WO] |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ricky Wade Murphree ["Murphree"] on September 14, 2007. In this petition, Murphree challenges a 1998 conviction for first degree criminal mischief entered against him by the Circuit Court of Autauga County, Alabama.[1] Murphree requests that this court order a new trial on the criminal mischief charge. *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 14.

**DISCUSSION**

A review of the records of this court establishes that Murphree filed two previous habeas petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging the 1998

---

[1] On August 25, 1998, the trial court sentenced Murphree to one year and one day of imprisonment for this conviction. The court, however, split this sentence and ordered Murphree to serve six months imprisonment and two years of probation.

criminal mischief conviction imposed upon him by the Circuit Court of Autauga County, Alabama. *Murphree v. Johnson, et al.*, Case No. 2:99-CV-1356-MHT (M.D. Ala. 2000) and *Murphree v. Department of Pardons and Paroles, et al.*, Case No. 2:01-CV-1166-MHT (M.D. Ala.), affirmed on appeal February 20, 2004 (Court Doc. No. 36), mandate issued May 3, 2004 (Court Doc. No. 37). In Murphree's initial habeas corpus action, this court dismissed the petition without prejudice to allow the petitioner an opportunity to exhaust his available state court remedies. In the second habeas action, this court determined that the claims presented by Murphree did not entitle him to federal relief from his criminal mischief conviction. On February 20, 2004, the Eleventh Circuit Court of Appeals affirmed the denial of Murphree's second petition for habeas corpus relief. *Id. - Court Doc. No. 36*.

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

2

It is clear from the pleadings filed by Murphree that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.  "Because this undertaking [is a successive] habeas corpus petition and because [Murphree] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed.  *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ricky Wade Murphree on September 14, 2007 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Murphree has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.[2]

---

[2] The court notes that any § 2254 petition filed by Murphree is likewise subject to the "in custody" requirement of 28 U.S.C. § 2254 and the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). The law is well settled that "[f]ederal district courts have jurisdiction to entertain habeas petitions only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' 28

It is further

ORDERED that on or before October 8, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

---

U.S.C. § 2241(c)(3). A petitioner is not 'in custody' to challenge a conviction when the sentence imposed for that conviction has completely expired. *Maleng v. Cook,* 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989)." *Van Zant v. Florida Parole Commission*, 104 F.3d 325, 327 (11th Cir. 1997); *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (federal courts lack subject matter jurisdiction to consider habeas "petitions which challenge a conviction with a completely expired sentence."). The mere possibility that a petitioner's prior conviction could be used to enhance a sentence imposed for any subsequent crime is not enough to render him "in custody." *Id.* at 492, 109 S.Ct. at 1926. The Supreme Court further noted that, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* Such collateral consequences include the inability to vote, engage in certain business, hold public office, or serve as a juror. *Id.* at 491-92, 109 S.Ct. at 1925-26.

  Murphree filed the instant petition for habeas corpus relief on September 14, 2007. Murphree completed service of the sentence imposed for the criminal mischief conviction in 2001. The fact that this conviction continues to subject him to collateral circumstances does not render him "in custody" for purposes of seeking federal habeas relief. It is therefore clear that at the time Murphree filed this § 2254 petition he was not "in custody" pursuant to the 1998 criminal mischief conviction as is required for purposes of a habeas attack on this conviction. *Maleng v. Cook,* 490 U.S. 488, 490 (1989). In light of the foregoing, the court finds that there are no circumstances present in this case which "would entitle [Murphree] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay ...." of the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 25th day of September, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE